**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SILGAN CONTAINERS MANUFACTURING CORP.,** | Civ. No. 16-cv-2686 (KM) |
| **Plaintiff,** | **OPINION & ORDER** |
| **v.** | |
| **RONALD E. CICHALSKI,** | |
| **Defendant.** | |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of the Plaintiff, Silgan Containers Manufacturing Corp., for a default judgment. Silgan was the employer of the defendant, Ronald E. Cichalski. Silgan alleges that it paid Mr. Cichalski $25,825.71 in disability benefits in lieu of Social Security benefits; it claims that, under the terms of a collective bargaining agreement ("CBA"), it was entitled to recoup those amounts when Cichalski's Social Security benefits finally came through. This two-count complaint asserts one claim under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and one state law claim of unjust enrichment. Cichalski has not responded to the complaint, and the clerk has entered default. For the reasons stated herein, the motion for a default judgment will be granted.

**DISCUSSION**

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments."

1

*United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### A.    Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within 21-day time period provided by the Federal Rules. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985).

Plaintiffs have submitted an affidavit showing that Mr. Cichalski was personally served with the summons and complaint on April 19, 2016. (ECF no. 4) This was adequate service. *See* Fed. R. Civ. P. 4(e). Defendant had 21 days to file an answer or otherwise respond. Fed. R. Civ. P. 12(a). No answer or other responsive pleading appears on the court's docket, and the affidavit in support of the plaintiff's motion confirms that there has been no response. (ECF no. 8-1 at ¶ 5)

2

The clerk entered default on July 7, 2016. (ECF no. 7) Plaintiff served and filed its motion for default judgment on July 21, 2016. (ECF no. 8) There has been no response to the motion.

Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist,* 756 F.2d at 18–19.

### B.      Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds,* 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

The evaluation of the first factor is always complicated by the defendant's failure to answer or to oppose the motion. My independent review of the case file, however, does not suggest that the claims are legally flawed or that defendant could mount a meritorious defense. *See Doe,* 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990), I find that the plaintiff has successfully stated a claim for relief as against the defendant.

Count 1 of the Complaint alleges breach of the CBA. Such a claim necessarily arises under Section 301 of the LMRA, which preempts state remedies.[1] *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S. Ct. 2425 (1987); *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S. Ct. 1904, 1915 (1985); *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey,* 760 F.3d 297, 305 (3d Cir. 2014). (A copy of the relevant portion of the CBA is attached to the complaint. (ECF no. 1-1)) Article 28, Part I, of the

---

[1]      The claim for unjust enrichment I set aside as superfluous. To the extent it rests on state law, it is likely preempted by the LMRA in any event. *See New Jersey Carpenters,* 760 F.3d at 305 (citing, *e.g., Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S. Ct. 1904 (1985)).

CBA sets forth a Weekly Disability Income Benefits program, with dollar amounts of benefits depending on the applicant's job classification. It provides that such amounts will be reduced by the amount of benefits received under the Social Security Act. (CBA Art. 28, § 1.5) It further provides that, if SSA benefits are not received timely, full Weekly Disability Benefits will continue, but that the employee will then be obligated to reimburse the company for any resulting overpayment. In particular, the CBA contemplates reimbursement "upon receipt of retroactive payment from the Social Security Administration." (*Id.*) The Complaint duly alleges that Mr. Cichalski went on disability leave from August 2, 2014, through October 10, 2015, and that Silgan paid him Weekly Disability Income Benefits totaling $25,825.71. (Cplt. ¶ 13) On October 5, 2015, the SSA awarded SSIS benefits of $27,112 for the period August 2014–September 2015, as well as ongoing monthly benefits. (Cplt. ¶ 14) In October 2015, November 2015, and January 2016, Silgan made written demand for reimbursement of the overpayment. (Cplt. ¶¶ 17–19) The claim is adequate on its face. There is a certain sympathy factor—an employee on disability no doubt could use the cash—but the parties to the CBA were entitled to husband scarce resources by limiting payment to cases not otherwise covered by SSA benefits. Nothing in the record before the Court suggests that Mr. Cichalski possesses a meritorious defense.

The second and third factors also weigh in favor of default. Defendant was properly served, but failed to appear or defend in any manner. It is clear that Plaintiff has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (find that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by

Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default. *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment. I will grant the motion for default judgment.

### C.    Remedies

Silgan seeks only reimbursement of the precise amount it paid out in Weekly Disability Income benefits. That amount, $25,825.71, is liquidated and certain, so I rule based on the record before me. I will therefore enter judgment as requested by the plaintiff. Post-judgment per diem interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

### ORDER

IT IS THEREFORE, this 19th day of December, 2016,

ORDERED that the motion for default judgment (ECF no. 8) is granted.

A separate judgment will be entered.  The clerk shall close the file.

KEVIN MCNULTY, U.S.D.J.